**Peter M. Lacy ("Mac") (OSB # 01322)**
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205
(503) 525-0193
lacy@onda.org

**Lauren M. Rule (OSB # 015174)**
Advocates for the West
3115 NE Sandy Blvd., Suite 223
Portland, OR 97232
(503) 914-6388
lrule@advocateswest.org

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PENDLETON DIVISION**

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**BRENDAN CAIN**, Burns District Manager, BLM, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-1551-PK<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY** |

## INTRODUCTION

The Oregon Natural Desert Association ("ONDA") respectfully asks the Court to grant leave for ONDA to respond to new evidence and arguments presented for the first time in the reply briefs (Dkt ## 54, 55) and two new declarations (Dkt ## 56, 57) from agency staff filed by

defendants ("BLM"). In particular, BLM's two new declarations raise new arguments and new facts that were either never presented or fully fleshed out in BLM's opening summary judgment brief or motion to strike. ONDA should have the opportunity to respond to these new facts and arguments, including the two new agency declarations, concerning sage-grouse issues, GIS issues, standing issues, and evidentiary objections.

## STANDARD OF REVIEW

"The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276–77 (D.D.C. 2002) (internal citation and quotation omitted). "[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (summary judgment context); *see also Pub. Citizen Health Res. Grp. v. Nat'l Inst. of Health*, 209 F. Supp. 2d 37, 44 (D.D.C. 2002) ("The Court highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation"). In the Ninth Circuit, "[t]he district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

## ARGUMENT

ONDA is entitled to respond to new contentions raised by BLM in its reply briefs and two new declarations concerning sage-grouse issues, GIS issues, standing issues, and new evidentiary objections. Exhibit A attached to this brief is ONDA's proposed surreply. Briefly, the

new facts and arguments BLM has raised and to which ONDA seeks permission to respond, are as follows:

1. With respect to the Greater sage-grouse, BLM makes new factual arguments about (1) the status ("active" versus "inactive") of 78 breeding areas that would be affected by the routes at issue, as well as about (2) the conservative, scientifically based three-mile lek buffer Dr. Miller applied in his spatial analysis and (3) an important, ODFW-recognized habitat connectivity corridor on north Steens Mountain. *See* Second Daniels Decl. ¶¶ 2–11; Second Keller Decl. ¶¶ 7, 9, 11; *see also* ONDA [Proposed] Surreply at 2–8 (summarizing and responding to these new assertions). These are contentions BLM raises for the first time in its reply briefs and in the new Second Daniels and Second Keller declarations. *See Diabetes Treatment Ctrs.*, 238 F. Supp. 2d at 276–77 (a "surreply is most appropriate where the new matter introduced is factual").

2. With respect to GIS issues, BLM claims, primarily through the new Second Keller Declaration, that Dr. Miller's work is "unreliable" for a variety of reasons and contends that BLM is "unable" to "evaluate the accuracy" of his analyses. *See* BLM MSJ Reply at 28; BLM Strike Reply at 6, 7, 9, 10–11; Second Keller Decl. ¶¶ 3–11. These are new contentions and factual assertions through which BLM attempts to flesh out its specious "mystery data" assertion. *See* ONDA [Proposed] Surreply at 8–9.

3. With respect to standing, BLM makes new arguments and factual contentions on reply attempting to hold ONDA to an impossibly high standard unsupported by the case law, in particular by arguing about which specific CX routes Dr. Miller has

traveled upon. *See* BLM MSJ Reply at 4–5; Second Keller Decl. ¶¶ 11, 12. These are new assertions through which BLM attempts to flesh out its overbroad standing argument. *See* ONDA [Proposed] Surreply at 9–11.

4. Finally, in its reply in support of motion to strike, BLM seeks to also strike Dr. Miller's second declaration. BLM Strike Reply Br. at 2 n.1. ONDA is entitled to respond to this evidentiary objection. *See* Local Rule 56-1(b) (allowing parties to respond to evidentiary objections raised during the course of summary judgment briefing).[1] Alternatively, the Court should deny BLM's request to strike the Second Miller Declaration because BLM failed to comply with the certification requirement of LR 7-1(a), as required by LR 56-1(b) ("Evidentiary objections in a response or reply memorandum are subject to the certification requirement of LR 7-1(a)"). *See* ONDA [Proposed] Surreply at 12.

Allowing ONDA the opportunity at this time to register in writing its responses to BLM's new arguments and factual contentions made for the first time on reply is fair given that ONDA is the proponent of the summary judgment motion at issue. *See, e.g.*, *George v. Bay Area Rapid Transit*, 577 F.3d 1005, 1011 (9th Cir. 2009) (party challenging agency action has burden to show that the action is arbitrary and capricious); *Quechan Tribe of Fort Yuma Indian Reservation v. U.S. Dep't of Interior*, 755 F. Supp. 2d 1104, 1108 (S.D. Cal. 2010) (explaining, in an action alleging NEPA and FLPMA violations, that "[t]he burden is on the [plaintiff] to

---

[1] The seven-day deadline referenced in LR 56-1(a) does not apply to this situation because BLM raised its new evidentiary objection not in its summary judgment reply brief—which is what the Local Rule provision refers to—but rather in its motion to strike reply brief. In the alternative, ONDA is entitled to surreply to BLM's request to strike the Second Miller Declaration because it is a new issue or argument raised for the first time in the agency's reply brief. *Diabetes Treatment Ctrs.*, 238 F. Supp. 2d at 276–77.

show any decision or action was arbitrary and capricious" and citing *Kleppe v. Sierra Club*, 427 U.S. 390, 412 (1976)); *Friends of the Wild Swan, Inc. v. EPA*, 130 F. Supp. 2d 1184, 1193 (D. Mont. 1999) ("the burden of showing the agency's action was arbitrary and capricious lies with the plaintiff"). Allowing ONDA a surreply also is in the interest of judicial economy because it will allow the Court and the parties to focus at oral argument on the issues that are truly dispositive in this case.

## **CONCLUSION**

The Court should allow ONDA the opportunity to respond to the new arguments and factual contentions raised by BLM in its reply briefs and two new declarations, by ordering that the proposed surreply attached hereto is accepted.

DATED this 27th day of November, 2013.        Respectfully submitted,

s/ Peter M. Lacy

_____

Peter M. Lacy
Oregon Natural Desert Association

Of Attorneys for Plaintiff