**Peter M. Lacy ("Mac") (OSB # 01322)**
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205
(503) 525-0193
lacy@onda.org

**Lauren M. Rule (OSB # 015174)**
Advocates for the West
3115 NE Sandy Blvd., Suite 223
Portland, OR 97232
(503) 914-6388
lrule@advocateswest.org

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N** | Case No. 2:12-cv-1551-PK |
| Plaintiff, | |
| | **OBJECTION TO BILL OF COSTS** |
| v. | |
| **BRENDAN CAIN**, Burns District Manager, BLM, *et al*., | |
| Defendants. | |

## INTRODUCTION

Pursuant to Local Rule 54-1(b), the Oregon Natural Desert Association ("ONDA") objects to the Bill of Costs (Dkt # 65) filed by defendants Brendan Cain *et al*. ("BLM"). The bill consists solely of the cost BLM paid to an outside contractor for the convenience of outsourcing

"preparation" of the administrative record. Because that is not properly recoverable, and due to the public interest nature of this suit, the Court should exercise its discretion to reject BLM's petition and order each party to bear its own costs.

## ARGUMENT

### I. LEGAL STANDARD

28 U.S.C. § 1920(4) permits recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Federal Rule of Civil Procedure 54(d) "grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Although there is a presumption in favor of awarding costs, this presumption can be overcome if there is a valid reason for requiring the parties to bear their own costs. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000) (*en banc*). In determining whether an award of costs should be denied, a court may consider a variety of equitable factors, including (1) whether the suit was brought in the public interest, (2) the limited financial resources of the losing party, (3) whether the suit was brought in good faith and whether the claims had merit, and (4) the chilling effect that imposing costs may have on future litigants. *Id.*

### II. THE COURT SHOULD ORDER THE PARTIES TO BEAR THEIR OWN COSTS.

The Court should require the parties to bear their own costs because all of the equitable reasons identified by the Ninth Circuit are present here. First, ONDA is a non-profit organization that sought to further the public interest through this litigation. Fenty Decl. (filed herewith) ¶¶ 2–4; *see also* Miller Decl. (Dkt # 34) at Background ¶¶ 1–2, 6. As an Oregon non-profit entity, ONDA has limited financial resources, and has not budgeted for this unprecedented government request. Fenty Decl. ¶¶ 8–9, 11–12; *see also* First Amended Complaint (Dkt # 14) ¶ 10–11; *In Re*

*Or. Natural Desert Ass'n*, No. 3:02-mc-00006 (D. Or. Feb. 4, 2014) (Dkt # 28, Chief Judge Aiken's order granting ONDA an exemption from PACER fees based on petitioner's stated non-profit, public interest status).

Second, ONDA brought this action in good faith. *See* Fenty Decl. ¶¶ 3–5; *see also* First Amended Compl. ¶¶ 3–15 (describing the harm ONDA stated it would suffer if the challenged decisions were upheld). In determining whether costs should be imposed, courts consider whether the suit was brought in good faith and whether the claims, though unsuccessful, were not without merit. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591. Although the Court, applying the "arbitrary and capricious" standard of review, ultimately deferred to BLM, ONDA's claims were not without merit. For example, while ONDA was concerned that BLM's decisions threatened to upgrade primitive routes and create new roads, the Court held BLM to its word that the decisions allow maintenance only on existing roads and that no new roads or upgrade of roads will occur. *See* Opinion & Order (Dkt # 63), at 4–8, 29–30, 33 (accepting BLM's representation that "each CX limits maintenance to already-existing roads" and "five of the CXs specifically prohibit road construction or upgrading"). This suit was brought to protect the public interest, not to assert a private right or commercial interest. Fenty Decl. ¶¶ 3–4, 10, 13.

Costs should not be imposed against parties who bring suit in good faith because "the taxation of costs works as a penalty, which should not be imposed unless the loser can fairly be expected to have known at the outset that his position lacked substance." *Rural Housing Alliance v. U.S. Dep't of Agric.*, 511 F.2d 1347, 1349 (D.C. Cir. 1974). Moreover, courts give special consideration to parties who bring suit to further the public interest rather than to assert a private right of action, and consider the equities and public interest at stake in determining whether to award costs to prevailing respondents. *See Wilderness Soc'y v. Morton*, 495 F.2d 1026, 1030

n.13, 1034 (D.C. Cir. 1974) ("[I]t is a paramount principle of equity that the court will go much further both to grant and to withhold relief in furtherance of the public interest than when only private interests are involved").

Imposing on ONDA the government's cost of paying an outside contractor for the convenience of outsourcing "preparation" (Martin Decl. (Dkt # 66) ¶ 5) of the administrative record may have a chilling effect on future lawsuits brought to protect public natural resources by organizations acting as "private attorneys general" as authorized by Congress. *See* Fenty Decl. ¶¶ 9–13. In deciding whether to tax costs, courts should consider the "regrettable effect of discouraging potential plaintiffs" who seek to enforce policies of public concern. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (noting the "chilling effect" of imposing costs on losing public interest plaintiffs); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (same).

A court should not impose costs on a party who acts as a "private attorney general" that has attempted to enforce a policy of national concern. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968); *see also Doe v. United States*, No. 08–00517, 2011 WL 1637264, at * 2 (D. Haw. Apr. 29, 2011) (finding limited resources and potential chilling effect from imposition of costs in favor of federal defendant). Here, ONDA sought to enforce laws expressly written to further the public's interest in protecting our environment. The Federal Land Policy and Management Act's ("FLPMA") multiple-use mandate requires the BLM to manage the public lands and resources "without permanent impairment of the productivity of the land and the quality of the environment." 43 U.S.C. § 1702(c). As part of this mandate, Congress declared that it is the policy of the United States that the public lands shall "be managed in a manner that

. . . will preserve and protect certain public lands in their natural condition. *Id*. § 1701(a)(8). BLM must "take any action necessary to prevent unnecessary or undue degradation of the lands." *Id*. §1732(b).

Similarly, in the National Environmental Policy Act ("NEPA") Congress recognized that preventing environmental damage to natural resources is an important National goal. 42 U.S.C. § 4321. The public has an interest in the "democratic decisionmaking" process at NEPA's core, and "public scrutiny [is] essential to implementing NEPA." *Or. Natural Desert Ass'n v. BLM*, 625 F.3d 1092, 1099–1100 (9th Cir. 2010). "[The] effective pursuit of congressional policy under NEPA, as with much legislation in the environmental area, depends on the diligence of private attorneys general and their willingness to bring suit to further broad public interests." *Wilderness Soc'y*, 495 F.2d at 1034.

To impose costs on parties who attempt, in good faith, to enforce these important policies of national concern would be inequitable. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 (collecting cases supporting holding that a court may decline to tax costs against a losing party where there is "great economic disparity" between the parties—as in cases where small, non-profit organizations seek judicial review of decisions by an agency of the United States government). An award of costs would substantially burden ONDA's operations and likely force it to reduce activities that are central to its mission, including pursuing legal action to enforce conservation laws such as FLPMA and NEPA. Fenty Decl. ¶¶ 6–9, 11, 13.

In sum, requiring the parties to bear their own costs for this litigation is appropriate because this suit by plaintiffs was brought in good faith and its claims, though unsuccessful, were based on legal support found in Ninth Circuit case law and were not without merit.

### III. BLM'S COSTS ARE EXCESSIVE AND INAPPROPRIATE.

Under FRCP 54(d)(1), the federal courts may tax only those costs enumerated by statute. *Crawford Fitting Co.*, 487 U.S. at 444–45. "[T]axable costs are limited by statute and are modest in scope" and "limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012); *see also Kalitta Air LLC v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (noting Supreme Court's "close reading of the statute" and stating "we construe § 1920 narrowly"). "Congress meant to impose rigid controls on cost-shifting in federal courts. Thus, a prevailing party's costs are limited to those allowable under 28 U.S.C. § 1920." 487 U.S. at 444. "Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964); *see also Oetiker v. Werke*, 104 F.R.D. 389, 394 (D.D.C. 1982) (costs incurred "for the convenience of counsel" not taxable).

The labor required to "prepare" the administrative record by sorting, indexing, and paginating records—most of which are already in electronic format to begin with—onto CDs or DVDs is not taxable under § 1920. *See, e.g.*, *Tahoe Tavern Prop.Owners Ass'n v. U.S. Forest Serv.*, No. CIV. S-06-407 LKK/GGH, 2007 WL 1725494, at *2 (E.D. Cal. June 14, 2007) ("The labor costs associated with preparing the administrative record, however, are not included within any of these six categories[of section 1920]; accordingly, they are not compensable to the prevailing party under Rule 54(d)(1)"); *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 260 (4th Cir. 2013) (organizing and coding of administrative record or electronic files generally is not amongst the statutorily allowed costs). BLM fails to explain, as required by Local Rule 54-1 and 28 U.S.C. § 1924, why it should be awarded costs for "preparing" thousands of pages of documents that were already in electronic format and which

had already been provided to ONDA at no charge pursuant to two requests for public information pursuant to the Freedom of Information Act ("FOIA"). *See* Lacy Decl. ¶¶ 2–8; *see also City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Nos. C 08-4575 SI, C 09-1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23 2012) (party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled"); *Delehant v. United States*, No. 3:10–cv–178–AC, 2012 WL 6455808, at *1 (D. Or. Dec. 13, 2012) ("Simply filing a list of charges without supporting documentation is not 'appropriate documentation'" under LR 54-1 and 28 U.S.C. § 1924).

Related, the administrative record is a public record, available to plaintiffs and others through the FOIA. 5 U.S.C. § 552 *et seq.*; *NRLB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). The documents must be provided without charge if the disclosure is in the public interest. 5 U.S.C. § 552(a)(4)(A)(*iii*); *see Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 94 (D.C. Cir. 1986). Here, ONDA exercised its right under FOIA, prior to filing this lawsuit, to request copies of many documents that were later part of the administrative record. *See* Lacy Decl. ¶¶ 1–8.

In short, even if this case did not involve a public interest plaintiff for whom the Court should exercise its discretion to order the parties to bear their own costs, BLM's cost bill still is excessive and includes outsourced items that are simply not taxable under the law.

## CONCLUSION

For these reasons, the Court should reject BLM's Bill of Costs and instead order the parties to bear their own costs.

///   ///   ///

///   ///   ///

///   ///   ///

DATED this 19 day of May, 2014.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Peter M. Lacy

　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　Peter M. Lacy
　　　　　　　　　　　　　　　　　　　　Oregon Natural Desert Association
　　　　　　　　　　　　　　　　　　　　Of Attorneys for Plaintiff