IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT
ASSOCIATION,

                    Plaintiff,                              2:12-cv-01551-PK

v.                                                          OPINION AND ORDER

BRENDAN CAIN, RICHARD ROY,
RHONDA KARGES, and BUREAU OF
LAND MANAGEMENT,

                    Defendants.

_____

PAPAK, Magistrate Judge:

       Plaintiff Oregon Natural Desert Association ("ONDA") brought this action against

defendants Brendan Cain, Richard Roy, Rhonda Karges, and Bureau of Land Management

(collectively, "BLM"), arising from BLM's issuance of six decisions authorizing road

maintenance on various routes throughout the Burns District in Oregon.  In the complaint,

Page 1 - OPINION AND ORDER

ONDA alleged that BLM violated the National Environmental Policy Act ("NEPA") by failing to prepare an environmental impact statement for the projects and that BLM violated the Federal Land Policy and Management Act ("FLPMA") by authorizing actions not in accordance with the applicable land-use plans. On April 29, 2014, the court granted BLM's motion for summary judgment and entered judgment in favor of BLM on all claims. Now before the court is BLM's bill of costs (#65) and ONDA's objections (#68). For the reasons set forth below, the bill of costs is allowed in part and disallowed in part and costs are awarded to BLM in the amount of $228.17.

## LEGAL STANDARD

The entitlement of a prevailing party in a federal lawsuit to recover its costs, other than attorney's fees, is governed by Federal Rule of Civil Procedure 54(d)(1). In relevant part, Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" except where a federal statute, the rules of civil procedure, or a court order "provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, in the event a court declines to award a prevailing party its costs under Rule 54(d)(1), its reasons for so declining must be specified. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 591 (quoting *Subscription*

Page 2 - OPINION AND ORDER

*Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).  It is the

burden of the party against whom costs are to be taxed to establish grounds for denying a request

for costs.  *See Save Our Valley*, 335 F.3d at 944-45.

      The expenses that the district courts are authorized to tax as costs under Rule 54(d)(1) are

enumerated at 28 U.S.C. § 1920:

        (1)      Fees of the clerk and marshal;

        (2)      Fees for printed or electronically recorded transcripts
                necessarily obtained for use in the case;

        (3)      Fees and disbursements for printing and witnesses;

        (4)      Fees for exemplification and the costs of making copies of
                any materials where the copies are necessarily obtained for
                use in the case;

        (5)      Docket fees under section 1923 of this title;

        (6)      Compensation of court appointed experts, compensation of
                interpreters, and salaries, fees, expenses, and costs of
                special interpretation services under section 1828 of this
                title.

28 U.S.C. § 1920.  Although the district courts have broad discretion to allow or disallow a

prevailing party to recoup the ordinary costs of litigation, the court may not rely on that

discretion to tax expenses beyond those enumerated at Section 1920.  *See Crawford Fitting Co.*

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *see also Frederick v. City of Portland*, 162

F.R.D. 139, 142 (D. Or. 1995).  A prevailing party must itemize "its costs with enough detail to

establish that each expense is taxable under section 1920."  *Plantronics, Inc. v. Aliph, Inc.*, No.

C 09-01714 WHA (LB), 2012 WL 6761576, at *3 (N.D. Cal. Oct. 23, 2012); *see also Jardin v.*

*DATAllegro, Inc.*, No. 08-CV-1462-IEG (WVG), 2011 WL 4835742, at *2 (S.D. Cal. Oct. 12,

2011) (noting that the prevailing party must establish that an expense falls within Section 1920).

Although limited to the enumerated expenses, the district courts enjoy independent discretion to

construe and interpret the meaning of the phrases used in Section 1920. *See Alflex Corp. v.*

*Underwriters Labs., Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990) (per curiam).

## DISCUSSION

In this case, BLM requests $1,326.97 in expenses incurred in preparing the administrative

record for filing in the case. *See* Bill of Costs, #65, at 1; *see also* Declaration of Frank Hazlett

Moss IV ("Moss Decl."), #67, at 3-4 (itemizing expenses). BLM contends that it is entitled to

recover such costs because it is a prevailing party and the preparation of the administrative record

was necessary for use in the case. ONDA responds that there are equitable reasons for the court

to order each party to bear its own costs. Namely, ONDA argues that it has limited financial

resources as a nonprofit organization, it brought the action in good faith and for the purpose of

protecting the public interest, and the taxing of costs in this case may have a "chilling effect" on

future environmental lawsuits. Objections to Bill of Costs, #68, at 2-5. ONDA further contends

that, even if the court were to find such equitable reasons insufficient for disallowing costs, BLM

is requesting costs not included in Section 1920, including costs associated with "sorting,

indexing, and paginating records." *Id.* at 6.

After reviewing the parties' briefs, I find that ONDA has not carried its burden of

establishing that this action is one of those "extraordinary" cases in which it would be

"inappropriate or inequitable to award costs." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

Notably, while I do not doubt that ONDA brought this case in good faith, ONDA's NEPA and

FLPMA claims held little weight and many of its arguments amounted to little more than a mere

disagreement with BLM's decision to maintain roads, including roads that were designated in the

Andrews Management Unit land-use plan and were the subject of previous lawsuit. *Cf. id.*

(finding it inappropriate to tax costs because, among other factors, the case was close, albeit

"ultimately unsuccessful"). Thus, for the reasons more fully set forth in BLM's reply in support

of the bill of costs, I find that costs should be awarded in this case.

       However, I agree with ONDA that BLM has failed to establish that all of its requested

costs are taxable under Section 1920. BLM states that it is entitled to recoup the cost of

preparing the administrative record pursuant to Section 1920(4), which provides that the court

may tax "[f]ees for exemplification and the costs of making copies of any materials where the

copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In support of its bill of

costs, BLM attached an invoice from a third-party vendor that lists the costs associated with

preparing the administrative record, including: $194.54 for scanning documents, $46.48 for

"OCR," $84.09 for "[c]oding," $336.30 for "[p]etrification of native file to TIFF file," $112.10 for

"[e]xtraction of metadata from electronic document files to load file," $156.94 for creating

fourteen DVDs, $392.42 for "[s]ubjective coding," and $4.10 for "[b]lowbacks." Moss Decl.,

#67, at 3-4. Although BLM relies on Section 1920(4), BLM offers no explanation as to how

each of these activities qualifies as making copies or why these activities were necessary for

preparation of the administrative record. Thus, after reviewing the invoice, I find that the only

taxable costs are those associated with scanning documents and creating three, rather than

fourteen, DVDs. I find that these activities clearly fall within Section 1920(4), even absent any

explanation by BLM. However, while I do not doubt that the remainder of the activities included

in the invoice made the administrative record easier to review, I am without sufficient

information to conclude that such activities are taxable under Section 1920.[1]

## CONCLUSION

Based on the foregoing, BLM's bill of costs (#65) is allowed in part and disallowed in

part and BLM is awarded $228.17 in costs.

Dated this 23rd day of June, 2014.

Honorable Paul Papak
United States Magistrate Judge

---

[1] I note that at least some courts have determined that expenses incurred in "processing" electronically stored information are not taxable. *See, e.g., Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.,* 718 F.3d 249, 260 (4th Cir. 2013) ("[S]ubsection (4) limits taxable costs to . . . converting electronic files to non-editable formats, and burning the files onto discs."); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 166-70 (3d Cir. 2012) (finding that the "processing" of electronically stored information, including activities such as making an electronic document word-searchable, does not qualify as "making copies" under Section 1920(4)). In this case, however, because BLM did not adequately explain each expense and why it was necessary for use in the case, I find it unnecessary to determine the scope of Section 1920(4).

Page 6 - OPINION AND ORDER